[*Special Term, January,* 1870.]

## A. P. C. BONTE *v.* BISHOP HALL.

In a suit for the price of a looking-glass, it appearing the plaintiff has possession of it by a replevin in which the defendant recovered a verdict only for its then value, the claim upon which verdict was rendered

being previously assigned to the other defendants, and the petition
containing a prayer that the verdict might be set off against the
plaintiff's claim:

*Held,* that the verdict and an expected judgment thereon was a proper sub-
ject of set-off, and that the verdict was rendered subsequent to the
assignment of unliquidated damages, did not alter the equity of the case.

*McGuffey & Morrill,* for plaintiff.

*O'Connor & Powell,* contra.

HAGANS, J.   This suit is for the recovery of $238.58, the
amount of a promissory note due in June, 1868.   The peti-
tion sets out that in an action of replevin between the same
parties in this court, No. 23,391, the defendant had obtained
a verdict against the plaintiff for $150; that he is insolvent,
and if allowed to obtain judgment and collect the same, the
plaintiff in this action would be irreparably injured; and
the plaintiff asked an injunction to restrain the defendant
from further proceedings in that action, and that the ver-
dict might be set off against the plaintiff's claim herein,
and for judgment for the residue.   The injunction was
allowed March 27, 1869.

To this petition, the defendant answers first, by a general
denial of the indebtedness; and second, that on November
27, 1868, he sold and transferred all his right, title, and
interest to the claim involved in the replevin suit to
O'Connor & Powell, who are parties defendant in this
action also, and to any judgment that might be recovered
therein; that the note sued on in this action was given in
payment for a looking-glass, of which the plaintiff obtained
possession by the said replevin, and in which the defendant
obtained the same verdict of $150; and that having pos-
session of the looking-glass, he has admitted that the note
is null and void.   Therefore the plaintiff should not
recover.

To this second defense the plaintiff demurs.

The whole plea, if referred to its closing sentences, is
inconclusive.   It may be true that the plaintiff has the

looking-glass; but it does not follow that the note is null and void.

The damages awarded by the jury are the value of the looking-glass when seized in replevin. The note sued on here is the price of the same article when sold to the defendant.

Defendant probably means that that verdict can not be set off against the plaintiff's demand. A fair construction of the plea implies this; section 26 of the Code fairly covers the case. Undoubtedly if these respective claims were in judgment, or if the plaintiff had a judgment in this action, and the defendant's assignment were of an expected judgment on his verdict, the one might be set off against the other; and that right could not be defeated by an assignment to a third person. *Johnson Bro. & Co.* v. *Taylor*, 1 Disney, 168.

Whether the claim assigned to O'Conner & Powell before verdict was a *chose in action*, such as could then be assigned, is a question not necessary to determine. Certainly the moment the verdict was rendered, it became a debt, and the right of set-off attached *eo instanti;* and the assignor became subject to the equity of the plaintiff, and the defendant could then have transferred no better right than he himself possessed. *A fortiori* he could not have done so before. *Grand* v. *Ludlow's Ex'rs*, 8 Ohio St. 2; *Johnson Bro. & Co.* v. *Taylor*, 1 Disney, 168.

It can make no difference in principle that the note sued on is not yet in judgment. The assignment is of an uncertain claim, and for an expected recovery of unliquidated damages. That the verdict in replevin has since been rendered can not alter the condition of the parties. If the position of the parties were reversed, and the defendant's assignees were seeking to enforce the verdict against the plaintiff, if a judgment were rendered on it, the plaintiff might set off the amount of the note sued on. The equity would be good then, and it is not too late to enforce it now.

Demurrer sustained.